JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Trevino Dotson appeals from a judgment of conviction on one count of felonious assault and one count of aggravated menacing. He argues that the court's judgment is unsupported by sufficient evidence and that it is against the manifest weight of the evidence. Neither argument has merit, so we affirm.
 I *Page 3 {¶ 2} The sixteen-year-old victim was the sole witness to testify at trial. He said that he had been doing yard work for a neighbor when a van pulled up. He further testified that appellant, who sat in the passenger seat of the van, said to the driver, "[t]here's that white fucker." Appellant exited the van, holding a knife. He said "come here, bitch," to the victim. The victim glanced at appellant and then looked away. Appellant ran toward the victim and tried to stab him in the side. The victim jumped out of the way and punched appellant in the "gut." The punch knocked the knife from appellant's hands, but he retrieved it seconds later. The victim said that he screamed and then ran away.
 {¶ 3} The victim explained that he believed appellant attacked him out of revenge. About two weeks before the assault, appellant accused the victim's nine-year-old brother of stealing a 52-inch television from him. During that incident, appellant grabbed the brother by the arm and said that he would stab him. The victim witnessed this and said that he picked up a shovel and threatened to hit appellant with it. It is unclear whether the victim actually struck appellant with the shovel. During direct examination, he said that "I hit him with the shovel * * * because of my little brother;" but on cross-examination he said "I was going to use [the shovel], but I didn't hit him with it because I figured I would get in trouble."
 II *Page 4 {¶ 4} In his first assignment of error, appellant complains that there is insufficient evidence to support the judgment of conviction relating to the felonious assault count. He claims that there is no evidence that he possessed a knife or that the knife was a deadly weapon.
 {¶ 5} When considering the sufficiency of evidence supporting a conviction, we view the evidence in a light most favorable to the state to determine whether the state presented evidence showing all the elements of the offense. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307, 319.
 {¶ 6} R.C. 2903.11(A)(2) states that no person shall knowingly cause or attempt to cause physical harm to another. The victim's testimony, viewed in a light most favorable to the state, convinced the fact-finder that appellant tried to stab the victim with a knife. The victim described the knife as a "pirate's knife," saying that it was as long as a butcher knife and had a handle with a "hook shape." The victim said that appellant could have caused him "bodily harm" had he been stabbed with the knife. This testimony was sufficient to establish the existence of the knife, the deadly nature of the knife, and that appellant used the knife in a knowing attempt to cause physical harm.
 III {¶ 7} In his second assignment of error, appellant complains that the judgment of conviction is against the manifest weight of the evidence because *Page 5 
there was no evidence of a knife and the victim did not tell his parents about the incident immediately after it happened.
 {¶ 8} To determine whether a verdict or judgment of conviction is against the manifest weight of the evidence, we weigh all the reasonable inferences, consider the credibility of witnesses and, in considering conflicts in the evidence, determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52. In doing so, we remain mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. This deference means that the trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." State v. Antill (1964), 176 Ohio St. 61, 67.
 {¶ 9} When announcing its decision, the court acknowledged that only one witness had testified at trial. It stated that after having watched and listened to the victim, it found him "highly credible." It noted that "by the way he testified, the way his voice was going up and down and the way he was expressing the fear, it was almost like he was reliving it again today in the open courtroom. I find him very believable." *Page 6 
 {¶ 10} The court's conclusions are not so unreasonable that we can find that it lost its way by believing the victim's version of the facts. The victim's acknowledgment that there had been some bad blood between him and appellant made the retaliatory nature of the assault credible. Although the victim's description of the knife as a "pirate knife" was unusual, the court placed credence on its observation of how the victim testified to conclude that he had been truthful. We must defer to the court's conclusion on credibility because it was in the better position to view the victim's testimony.
{¶ 1l} Finally, appellant's argument that the victim lacked credibility because he did not immediately inform his parents is disingenuous. When he returned to his house immediately following the attack, his parents were not home because they had been out shopping. Despite his fears that he would get in trouble for his part in the assault, he told his parents about the attack as soon as they returned home.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and ANTHONY O. CALABRESE, JR, J., CONCUR. *Page 1